E-FILED
Wednesday, 01 August, 2018 10:33:15 AM
Clerk, U.S. District Court, ILCD

# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' LOCAL No. 1 WELFARE TRUST, *et al.*,<br>　　Plaintiffs,<br><br>v.<br><br>THE LANE COMPANY, INC.,<br>　　Defendant. | Case No. 1:18-cv-01006-JES-JEH |

### ORDER

Now before the Court are the Defendant's, The Lane Company, Inc., Motion to Vacate Judgement (D. 18),[1] and the Plaintiffs', Sheet Metal Workers' Local No. 1 Welfare Trust, and several other entities, Response (D. 27). For the reasons set forth below, the Defendant's Motion to Vacate (D. 18) is DENIED in part and GRANTED in part.

The Plaintiffs filed suit in January 2018, seeking to recover from the Defendant delinquent fringe benefit contributions and check-offs due under the terms of a collective bargaining agreement. (D. 1). They further sought liquidated damages and interest on said amounts, along with reasonable attorney's fees, court costs, and all other reasonable expenses incurred. *Id*. The Plaintiffs—by way of a McClean County Sheriff's Office deputy—served the Defendant's registered agent, Barbara Page, with a copy of the Complaint on January 11, 2018. (D. 4).

After the Defendant failed to file a response to the Plaintiffs' Complaint, the Plaintiffs filed a Motion for Entry of Default. (D. 5). The Court granted the Plaintiffs' Motion and the

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

Clerk of the Court entered Default against the Defendant. (See the Court's February 9, 2018 Text Orders). Later that month, still with no response from the Defendant, the Plaintiffs filed a Motion for Default Judgment. (D. 6). The Court ultimately granted the Plaintiffs default judgment in May 2018 and the Clerk entered judgment in favor of the Plaintiffs on June 6, 2018. (D. 9); (D. 10).

On July 5, 2018, counsel entered a Notice of Appearance on behalf of the Defendant in this case and filed the Motion to Vacate Judgment presently before the Court. (D. 15); (D. 18). The Defendant also filed a supporting memorandum, attached to which is an affidavit signed by Page. (D. 19 at pp. 9-12). She claims she "just" retained counsel in this case when her counsel incidentally discovered the existence of the suit and that she does "not believe [she] was served with the Complaint in this matter[.]" *Id*. at pg. 10. Most of the Defendant's arguments are premised on the assumption that Page was not properly served with the Complaint. They bring their Motion pursuant to Federal Rules of Civil Procedure 52(b), 55(c), 59(e), and 60(b), and further invoke Federal Rule of Appellate Procedure 4(a).

While it is the Plaintiffs' burden to prove service by a preponderance of the evidence, since there is documentation of valid service on the record in this case, that service is presumed to be effected. *O'Brien v. R. J. O'Brien & Associates, Inc.*, 998 F. 2d 1394, 1398 (7th Cir. 1993) ("A signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence.") (internal quotations omitted). In other words, "once such a *prima facie* showing is made, the burden shifts to the defendant to demonstrate that service was *not* received." *Homer v. Jones-Bey*, 415 F. 3d 748, 752 (7th Cir. 2005) (emphasis added, citations omitted). Mere denials that service was effected does not constitute strong and convincing evidence. See *Bilal v. Rotec Indus., Inc.*, 2004 WL 1794918, at *3 (N.D. Ill. 2004).

The Defendant offers no evidence that calls into question the validity of service to Page. Rather, Page asserts that she does not "recall" being served and counsel represents that she does not "believe" she was served with a copy of the Complaint. (D. 19 at pg. 10); (D. 18 at pg. 2). This is merely a denial that service was effected. As noted above, such conclusory statements fail to qualify as strong and convincing evidence sufficient to rebut the presumption that the Defendant was validly served with a copy of the Complaint. Therefore, all of the Defendant's arguments proceeding from the starting point that Page was not properly served are DENIED.

The Defendant makes two additional arguments in the alternative. Even if service is deemed valid, the Defendant asserts that the Court should: (1) relieve them from judgment due to mistake, inadvertence, surprise, or excusable neglect, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) (D. 19 at pp. 4-5); or (2) extend their time to file an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5) (*Id*. at pp. 5-6).

In order for the Court to find that the Defendant is entitled to relief under Federal Rule of Civil Procedure 60(b), it must find that they have demonstrated: (1) good cause for default; (2) quick action to correct the default; and (3) a meritorious defense to the Plaintiffs' Complaint. *O'Brien*, 998 F. 2d at 1401. "Failure to make any of the three showings warrants denial of a motion to vacate." *Wells Fargo Equipment Finance, Inc. v. PMRC Services, Inc.*, 2011 WL 635861, at *2 (N.D. Ill. 2011) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F. 3d 42, 46-47 (7th Cir. 1994)).

The Defendant posits in their Rule 60(b) argument that Page excusably neglected the proceedings at hand because she was tending to her mother and husband, both of whom had serious medical issues, and is further in the midst of a divorce. (D. 19 at pp. 4-5). While the Court sympathizes with her plight, these problems—as significant as they are—do not establish good

cause for default. The Defendant, through Page, neglected to file a pleading in this matter until July 5, 2018. This was nearly six months after she was served with a copy of the Complaint. At some point before the Court entered default judgment in favor of the Plaintiffs, the Defendant could have acknowledged these proceedings, if only to request additional time to respond due to the extenuating circumstances now being brought to the Court's attention. Accordingly, the Defendant's request for relief pursuant to Rule 60(b) is DENIED.

Pursuant to Federal Rule of Appellate Procedure 4(a)(4), however, the Defendant is entitled to file a notice of appeal within 30 days of this ruling. The Court need not address their argument regarding Federal Rule of Appellate Procedure 4(a)(5). (D. 19 at pp. 5-6). Rule 4(a)(4) states that "the time to file an appeal runs for all parties from the entry of the order disposing of[,]" *inter alia*, motions brought pursuant to Federal Rules of Civil Procedure 52(b), 59, and 60, that were filed no later than 28 days after judgment was entered. The Defendant's Motion to Vacate, brought in part pursuant to the Rules 52(b), 59, and 60, was filed precisely 28 days after judgment was entered in this matter. As a result, the Defendant may file a notice of appeal no later than 30 days from entry of this Order (by September 3, 2018) and their Motion is GRANTED in part.

For the foregoing reasons, the Defendant's Motion to Vacate (D. 18) is DENIED in part and GRANTED in part.

*It is so ordered.*

Entered on August 1, 2018

    s/ James E. Shadid
    James E. Shadid
    Chief United States District Judge